JOSEPH O. KOSTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kostner v. Commissioner
Docket No. 7005-82.
United States Tax Court
T.C. Memo 1983-109; 1983 Tax Ct. Memo LEXIS 676; 45 T.C.M. (CCH) 807; T.C.M. (RIA) 83109; February 23, 1983. Leslie A. Klein, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for judgment on the pleadings filed on October 19, 1982, pursuant to Rule 120 [1] and heard on January 17, 1983. Joseph O. Kostner resided in Chicago, Illinois, when he filed his petition in this case on March 30, 1982. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b)
1975
$40,231.98
$20,115.99
1976
41,936.52
20,968.26
1977
26,580.30
13,290.15
1978
25,205.76
12,602.88
The foregoing deficiencies arose from *677 respondent's determination that petitioner had failed to report the gain he realized from the sale of certain property in 1975, rental income received in 1976 through 1978, dividends he received in 1975 and 1976, and income he earned from his law practice during each of the years in issue. In his answer to the petition, which respondent timely filed on June 1, 1982, respondent affirmatively alleged the following facts in paragraph 10: 10. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayments of taxes which the petitioner was required to show on an income tax return for each of the taxable years 1975 through 1978 is due to fraud the respondent alleges: (a) During the years 1975 through 1978 petitioner's occupation was that of an attorney. (b) The petitioner failed to maintain complete and adequate records essential to the determination of his correct income tax liability for each of the taxable years 1975 through 1978. (c) The petitioner was required to file an income tax return for each of the years 1975 through 1978. (d) The income taxes due and payable by the petitioner for each of the taxable years 1975 through 1978 *678 are as follows: Year
Amount
1975
$40,231.98
1976
41,936.52
1977
26,580.30
1978
25,205.76
(e) The petitioner failed to file an income tax return for each of the taxable years 1975 through 1978 and failed to pay any portion of the income tax liability due from him for each year. (f) The petitioner knew that he was required to file income tax returns for each of the years 1975 through 1978. (g) The petitioner knew that he had taxes due and owing for each of the years 1975 through 1978. (h) The petitioner, with the intent to evade and defeat taxes, failed to cooperate with respondent's agents in their attempts to determine his taxable income. (i) The petitioner, with the intent to evade and defeat taxes, failed to maintain adequate records necessary to compute his correct income tax liability for each of the taxable years 1975 through 1978. (j) The petitioner's failure to file an income tax return and to report his correct taxable income for each of the taxable years 1975 through 1978 was fraudulent with the intent to evade tax. (k) The petitioner's failure to pay his income tax liabilities for the taxable years 1975 through 1978 was fraudulent *679 with the intent to evade tax. (l) A part of the underpayment of tax which the petitioner was required to show on income tax returns for each of the taxable years 1975 through 1978 was due to fraud. Petitioner filed no reply under Rule 37 or otherwise to respondent's answer affirmatively alleging fraud against him for each of such years. Within 45 days following expiration of the time for filing such reply, respondent, on July 26, 1982, filed a motion pursuant to Rule 37(c) for an order that the undenied allegations of fraud set forth in his answer be deemed admitted to establish petitioner's liability for the addition to tax for fraud. By order dated August 24, 1982, the Court extended to September 16, 1982, the time for petitioner to reply as required by Rules 37(a) and 37(b), continued the hearing on respondent's Rule 37(c) motion to September 22, 1982, and properly notified both parties. Petitioner did not file a reply, nor did he appear at the hearing. On September 22, 1982, the Court granted respondent's motion filed on July 26, 1982, under Rule 37(c), and the undenied affirmative allegations of fact contained in respondent's answer filed on June 1, 1982, were admitted *680 for purposes of this case.
Respondent then filed a motion under Rule 120 for judgment on the pleadings, relying on the Court's order of September 22, 1982, wherein we deemed admitted all of the affirmative allegations of respondent's answer. Respondent's motion was calendared for hearing at the Court's trial session in Chicago on January 17, 1983, and the parties were notified of the hearing by order dated October 25, 1982. Accordingly, hhe pleadings were closed by the Court's order of September 22, 1982, and respondent's motion for judgment on the pleadings is properly before us. See Rule 120(a). Petitioner made no appearance at the hearing on respondent's Rule 120 motion. Since filing his petition herein, petitioner has expended no effort and has taken no action with respect to same or the subject matter thereof. Notwithstanding service of the respondent's motions on him, and despite repeated attempts by respondent to communicate with him, petitioner stands mute and refuses to respond either to the motions or to respondent's attempts at communication. It is clear that respondent must prevail on the underlying deficiencies he has determined for the years in issue, either *681 because petitioner has defaulted or because he has failed to carry his burden of proof. See . As to the addition to tax for fraud, the burden of proof is on the respondent and he must carry that proof by clear and convincing evidence. Sec. 7454(a); Rule 142(b); , affirming a Memorandum Opinion of this Court. It is settled that affirmative proof requisite to a judgment of fraud may be determined through facts deemed admitted under Rule 37(c) or its predecessor because of petitioner's failure to reply. ;; and . The instant case fits squarely within the holdings of those opinions. The admitted facts unequivocably establish that for each of the years in issue petitioner, a lawyer, knew he was required to file income tax returns and that he owed income taxes for each such year. Yet, knowing this, petitioner did not maintain sufficient records needed to properly prepare his income *682 tax returns and did not file returns for those years. In addition, he refused to cooperate with respondent to determine his correct income taxes for such years. We find that petitioner's repeated failure to file returns, his failure to keep adequate records of his income, his professional training and status, and his awareness of his obligation to file returns, to report his income and to pay the taxes that he knew he owed during the years before us represent clear and convincing evidence of fraud. Therefore, we hold that the income taxes set forth above are due and owing by petitioner and that the underpayment of those taxes is due to fraud with intent to evade tax. ; . Accordingly, respondent's motion for judgment on the pleadings is granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended.↩